UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAMELA A. GHASTER, et al.,      )      CASE NO.  1:09CV02080
                         )
          Plaintiffs,        )      JUDGE CHRISTOPHER A. BOYKO
                         )
      vs.             )
                         )      ORDER ADOPTING IN PART
CITY OF ROCKY RIVER et al.      )      REPORT AND RECOMMENDATION
                         )      OF MAGISTRATE JUDGE
                         )
                         )
         Defendants.      )

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon Plaintiffs' Objection to the Report and

Recommendation of the Magistrate Judge, recommending that Plaintiffs' claims be dismissed

without prejudice for failing to state a claim upon which relief can be granted.  For the following

reasons the Report and Recommendation is accepted in part and modified in part, and

Defendants' Motion to Dismiss is granted.

## I. FACTUAL BACKGROUND

Plaintiffs Pamela A. Ghaster and Earl Ghaster ("Plaintiffs") are residents of Rocky River

and Westlake, Ohio.  (Compl at ¶ 3.)  On September 9, 2009, Plaintiffs filed their Complaint

against Defendants, City of Rocky River, Police Chief Donald Wagner, Detective Carl Gulas (incorrectly identified in the Complaint as "Gus Gulas"), Law Director Andrew Bemer, City Prosecutor Michael O'Shea, as well as 1-10 John Does.  *Id.* at ¶¶ 4-9.   All individuals named as Defendants were officials who served the City of Rocky River, or citizens thereof.  *Id.*

Between September 6, 2007 and April 12, 2008, Plaintiff Pamela Ghaster was involved in various disputes with her neighbors that culminated in nine criminal charges against her. (Compl. at ¶¶ 13-19.)  Four charges, two for disorderly conduct, one for coarse and abusive language, and one for allegedly spreading a false rumor, were allegedly dismissed by the prosecutor the day before trial.  *Id.* at ¶¶ 13-16.  Plaintiff was acquitted, after a bench trial, of two counts of violation of a temporary protection order.  *Id.* at ¶ 17.  Plaintiff was tried and convicted of menacing by stalking, obstruction of official business, and intimidation of a witness.  *Id.* at ¶ 18.  She was sentenced to and served six months in jail.  No additional information is given in the Complaint regarding the facts or circumstances surrounding these cases.

Plaintiffs allege Defendants kept a "box" of public records, the contents of which are accessible by request, at the Rocky River Police Department.  *Id.* at ¶ 20.  Plaintiff Pam Ghaster's Social Security number as well as information regarding her work as a confidential informant for other law enforcement agencies can be allegedly found in this box of publicly accessible records.  *Id.*

Plaintiffs further allege that Defendants published Mrs. Ghaster's private law enforcement records, intimidated one of her witnesses in a criminal proceeding, swore out a false affidavit to search her cellular phone, inspected her medical records, failed to investigate

2

incidents of which she complained, encouraged the community to send anonymous threatening letters, and encouraged citizens to file false or exaggerated police reports.  *Id.* at ¶ 20.

Lastly, Plaintiffs assert that Defendant O'Shea worked closely with police and John Doe Defendants in investigating Plaintiff Pam Ghaster.  *Id.* at ¶ 22.  Defendant O'Shea allegedly aided police in their investigations and assisted them in putting together allegations against Plaintiff.  *Id.*  Plaintiffs assert that these actions were beyond O'Shea's duties as the city's prosecutor.  *Id.*

The Complaint contains eight counts against Defendants: (1) Fourth Amendment violations regarding freedom from unreasonable search and seizure; (2) invasion of privacy under state law; (3) malicious prosecution under state and federal law; (4) abuse of process; (5) violations of First Amendment rights to free speech; (6) intentional infliction of emotional distress; (7) civil conspiracy under state law; and (8) illegal policy and practice under *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658 (1978).  *Id.* at ¶ 24-47.  Plaintiffs seek declaratory relief, injunctive relief and monetary damages.  *Id*. at ¶ 47.

On December 21, 2009, Defendants filed a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. No. 6).  Plaintiffs filed their Response on January 21, 2010 (Doc. No. 10), to which Defendant replied on February 4, 2010 (Doc. No. 11).  The case was assigned to the Magistrate Judge on March 17, 2010 (Doc. No. 12), who filed her Report and Recommendation on May 12, 2010 (Doc. No. 13).  The Magistrate Judge recommended that Defendants' Motion to Dismiss be granted, that all of Plaintiffs' claims be dismissed without prejudice except a state law claim for invasion of privacy, and that Plaintiffs be granted an opportunity to amend the Complaint to address its deficiencies.  *Id*. at 25.  She also

3

recommended that the Court decline to exercise jurisdiction over the single surviving state law claim for invasion of privacy, should Plaintiffs elect not to amend the Complaint.  *Id.*

On May 26, 2010, Plaintiffs filed an Objection to the Magistrate Judge's Report and Recommendation (Doc. No. 14), and on June 9, 2010, Defendants filed a Brief in Support of the Magistrate Judge's Report and Recommendation (Doc. No. 16).

## II. STANDARD OF REVIEW

### A. Civil Rule 72(b) Standard

Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of the Magistrate's Report and Recommendation that has been specifically objected to.  Failure to make a timely objection to any aspect of the Report and Recommendation may waive the right to appellate review of the District Court's order.  *US. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) contains in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

### B. Pleadings Standard Pursuant to Civil Rule 8(a)(2)

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the Complaint is assessed pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing

4

that the pleader is entitled to relief."  The pleadings requirement is no longer governed by the

lower threshold of the "no-set-of-facts" standard established in *Conley v. Gibson*, 355 U.S. 41

(1957).  Rather, a well-pleaded complaint alleges enough facts, that if accepted as true, "raise the

right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007).  While "detailed factual allegations" are not required, the facts garnered must be

sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S. Ct.

1937, 1949-50 (2009).  There was some initial doubt as to the scope of the plausibility standard

set forth in *Twombly*, yet the Supreme Court clarified two years later in *Iqbal* that the new

pleadings standard applied "to all civil actions."  *Boroff v. Alza Corp.*, 685 F. Supp.2d 704, 707

(N.D. Ohio 2010) (quoting *Iqbal*, 129 S. Ct. at 1953).  The universal applicability of the

plausibility standard was rooted in the Supreme Court's interpretation and application of Rule 8,

which governs "all civil actions and proceedings in the United States district courts," as set forth

in Fed. R. Civ. P. 1.  *Iqbal,* 129 S. Ct. at 1953.

### III. PLAINTIFF'S OBJECTIONS

Plaintiffs raise several objections to the Magistrate Judge's Report and Recommendation.

Each are reviewed *de novo* pursuant to Fed. R. Civ. P. 72(b).

### A. The Magistrate Judge's Standard for Assessing the Sufficiency of Plaintiffs' Complaint

Plaintiffs' first objection to the Magistrate Judge's Report and Recommendation is that

the Magistrate Judge used the wrong standard for assessing the sufficiency of Plaintiffs'

Complaint.[1]  (Doc. No. 14 at 5.)  Plaintiffs assert that the Magistrate Judge used an "incorrectly high standard of pleading."  (Doc. No. 14 at 9.)  Yet, the Magistrate Judge establishes initially, and properly applies throughout her Report and Recommendation, the correct "plausibility" standard established in *Twombly* and extended in *Iqbal*.  (Doc. No. 13 at 4.)

Plaintiffs first assert that *Twombly* "does not really change the pleading requirements," (Doc. No. 14 at 6) and that there is doubt as to the applicable scope of the new "plausibility standard." *Id.* at 7.  This, however, is far from the truth.  The Sixth Circuit has reaffirmed that a complainant must "state a claim that is plausible on its face."  *Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570).  Additionally, as clarified in *Iqbal*, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949.

Plaintiffs continue in their Objection and claim that all that is needed in a Complaint is a "short and plain statement that puts the defendants on notice as to what they are being charged with."  (Doc. No. 14 at 10.)  In light of the *Twombly/Iqbal* standard, "fair notice" alone cannot be enough to survive dismissal if the allegations are not supported by enough factual content to raise the liability of the defendants from conceivable to plausible.  *See Boroff*, 685 F. Supp.2d at

---

[1]The entirety of Plaintiffs' Objection to the Magistrate Judge's R & R amounts to a general objection.  In fact, it is essentially the same document with the same arguments presented by Plaintiffs in their Response to Defendants' Motion to Dismiss.  Many arguments in Plaintiff's Objection are simply copied and pasted from document to document.

706.  In many instances, Plaintiffs rely solely on the fact that Defendants were inherently on

notice as to the criminal charges brought against Plaintiff Pam Ghaster in that they were part of

the governing body that brought them. (Doc. No. 14 at 10-11.)  "The factual allegations in the

complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and

the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more

than merely possible."  *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)

(citing *Iqbal*, 129 S. Ct. at 1949-50).  This alleged inherent notice does nothing to flesh out the

factual content needed in a well-pleaded complaint to survive dismissal.  This Court must be able

to make a reasonable judgment as to the plausibility of the claim, and the statements in the

Complaint asserting an implicit notice to Defendants fall noticeably short.

 **1. Federal Claims**

The Magistrate Judge addressed each federal claim in the Complaint.  She identified the

facts supporting each and dismissed each in turn.  Contrary to the general objections raised by

Plaintiffs, the Magistrate Judge correctly dismissed each of these claims.

To survive a motion to dismiss, a claim under 42 U.S.C. § 1983 must allege two elements

in addition to being plausible on its face: 1) the defendant acted under color of state law; and 2)

the defendant's conduct deprived the plaintiff of rights secured under federal law. *Bloch v. Ribar*,

156 F.3d 673, 677 (6th Cir.1998).  The second element, *supra*, is established by pleading that (1)

the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken

against the plaintiff that would deter a person of ordinary firmness from continuing to engage in

that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.  *See Fritz*, 592 F.3d at 723 (citing *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005)).

   **a.  Fourth Amendment Violation:**  In <u>Count I</u>, Plaintiffs plead that their Fourth Amendment protection from unreasonable search and seizure was violated.  The Fourth Amendment provides that the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. Amend. IV.  In their Objection, Plaintiffs argue:

> "in allowing plaintiff Pam Ghaster to be charged with criminal violations which were not supported by probable cause constitute violations of plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.  It is difficult to imagine how much more detailed plaintiff is expected to be at the pleading stage, or how defendants could not be on notice as to what the claim is."

(Doc. No. 14 at 14, Compl. at ¶ 25.)  The Magistrate Judge correctly indicates that the only evidence supporting this claim, not even mentioned by Plaintiffs as supportive, is the alleged search and seizure of Plaintiff Pam Ghaster's cell phone under a false affidavit.  (Doc. No. 13 at 8.)  No details are provided as to the circumstances of acquiring this cell phone, let alone identifying the nature of the alleged false statement in the affidavit.  *Id.*  As far as the criminal charges against Plaintiff Pam Ghaster, no facts or circumstances regarding those charges are provided to determine whether it is plausible that Plaintiffs' Fourth Amendment Rights were violated.

   The Magistrate Judge correctly concluded that the alleged facts in support of Count I were "mere labels and conclusions."  *Id.*  While well-pleaded factual allegations must be taken

8

by this Court as true, "legal conclusions couched as factual allegation[s]" do not enjoy that privilege. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949.  Plaintiffs' allegations of lack of probable cause, in this Count and others, are merely conclusory, and cannot be taken as true.  Plaintiffs fail to even provide the elements of a § 1983 claim, or how any facts may possibly fulfill it.  (Compl. at ¶ 25.)  While a "formulaic recitation of the elements of a cause of action" is not sufficient under the plausibility standard, it would still have been more than what was proffered by Plaintiffs' in support of Count I.  *Twombly*, 550 U.S. at 555.

In addition, Count I states "the actions of *all defendants*... constitute violations of plaintiff's Fourth Amendment right to be free from unreasonable search and seizure.(emphasis added)" (Compl. at ¶ 25.)  This conclusory allegation of unconstitutional conduct under 42 U.S.C. § 1983 fails to state a claim, not only because it lacks specific factual allegations, but also because § 1983 liability cannot be imposed under a theory of *respondeat superior*; thus Plaintiffs' claim must specify personal involvement.  *See Stephen v. Hayes*, No. 09-1259, slip. op. at 2 (6th Cir. April 13, 2010) (citing *Twombly*, 550 U.S. at 555; *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005)).  Blanket statements that lack any factual connections fail to state a plausible claim.  The Magistrate Judge correctly dismissed Count I.

**b.  First Amendment Violation:** <u>Count V</u> alleges that Defendants, in charging Plaintiff Pam Ghaster with retaliatory criminal violations without probable cause, violated her First Amendment Right to Free Speech.  (Compl. at ¶ 37.)  Plaintiffs fail to specify a claim of official retaliation for the exercise of First Amendment Rights in their Complaint.  (Compl. at ¶ 37.)  The

Magistrate Judge correctly asserts, however, that Plaintiffs must at least allege facts that make it plausible that: "(1) [s]he was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way likely to chill a person from further participation in that activity; and (3) in part, plaintiff's constitutionally protected activity motivated defendant's adverse action." (Doc. No. 13 at 8) (quoting *Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 821 (6th Cir. 2007)).

> Plaintiffs allege:
>
> "[O]n September 6, 2007 defendant City of Rocky River charged plaintiff Pam Ghaster with two counts of disorderly conduct persisting for allegedly yelling 'course (sic) and abusive language' that was allegedly heard by two neighbors. There was no probable cause to charge plaintiff since the language allegedly used by plaintiff was protected by the First Amendment."

(Compl. at ¶ 13.)  The Magistrate Judge asserts that the Complaint does not identify the nature or substance of the protected speech in any way.  (Doc. No. 13 at 9.)  "A retaliation claim must provide some factual basis to support a plausible inference of a connection between the adverse action and the protected conduct." *See Basso v. Michigan Dept. of Corrections*, No. 2:08-CV-75, 2010 WL 1757924 at 4 (W.D. Mich. April 29, 2010); *Iqbal*, 129 S. Ct. at 1949 ("recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") Plaintiffs do not allege any set of facts that would clarify whether Pam Ghaster was participating in a constitutionally protected activity, or that the adverse action was motivated by the constitutionally protected act.  The content of her speech or the circumstances surrounding it are absent  from the Complaint.  All that is provided to support this claim are bare assertions that

10

"There was no probable cause to charge plaintiff since the language allegedly used by plaintiff was protected by the First Amendment." (Compl. at ¶ 13-14.)  While the claim is conceivable, Plaintiffs have not provided sufficient facts to make the claim plausible on its face.  The Magistrate Judge correctly recommended dismissal for failure to state a claim on Count V. (Doc. No. 13 at 9.)

     **c.  Federal Malicious Prosecution:**  Count III states that the "actions of all defendants constitute malicious prosecution under both federal and state law."  (Compl. at ¶ 31.)  While the claim is unclear, the Magistrate Judge indicated that it is likely that Plaintiffs meant to assert a § 1983 claim for malicious prosecution arising under the Fourth Amendment.[2]  The Sixth Circuit has established that such a claim does indeed exist, but the elements necessary for such a claim are uncertain.  *See  Fox v. DeSoto*, F.3d 227, 237 (6th Cir. 2007); *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003).  The issue is not yet resolved, but at the very least a federal malicious prosecution claim can proceed if "there was [no] probable cause to justify [an] arrest and prosecution."  *Oatman v. Potter*, 92 Fed. Appx. 133, 142 (6th Cir. 2004) (citing *Thacker*, 328 F.3d at 259).  Taking this standard into account, the Magistrate Judge correctly recommended that Count III be dismissed.

---

     [2]The Magistrate Judge aptly indicates that a "malicious prosecution" claim under § 1983 has been treated by the Sixth Circuit as a "claim to be free from pretrial detention without probable cause." (Doc. No. 13 at 10) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 747-51 (6th Cir. 2006)).
     Plaintiffs do not allege a specific loss of liberty or pretrial detention, nor does either party mention whether a grand jury issued indictments for the criminal charges in question.  Either piece of information would have proven useful in this vague malicious prosecution claim.

11

In support of their malicious prosecution claims Plaintiffs assert that Pam Ghaster had criminal charges filed against her without probable cause.  (Doc. No. 14 at 14.)  They state that Defendants filed these charges to get Plaintiffs to move out of their home.  *Id.*  The only factual basis Plaintiffs offered to support an initial showing of lack of probable cause were the four criminal charges, three for disorderly conduct and one for making false alarms, brought against Plaintiff Pam Ghaster.  (Compl. at ¶ 13-14.)  Plaintiffs offer no facts that would indicate why these charges lacked probable cause, nor do they describe any of the circumstances surrounding these events.  Again, a claim cannot be sustained by legal conclusions alone, but must be found plausible upon well-pleaded facts.  *See Iqbal*, 129 U.S. at 1949.  The Magistrate Judge correctly held that no factual allegations were provided to make the federal malicious prosecution claim facially plausible.  (Doc. No. 13 at 11-12.)

Moreover, the Magistrate Judge states that Count III of the Complaint fails to adequately show how the other Defendants, independent of Prosecutor O'Shea, were at all involved in the decision to prosecute Pam Ghaster.  (Doc. No. 13 at 12.)  The Plaintiffs argue generally that discovery is needed to tease out exactly which Defendant will align with each violation:

> "While it is true that each factual allegation is not matched up specifically with each alleged violation, and each defendant is not identified with each specific act of alleged wrongdoing, it is not necessary to be that specific at this stage, particularly because it is unknown at this point exactly which defendant and which acts will match up with which allegation once discovery is completed."

(Doc. No. 14 at 12.)  Yet, the well-pleaded complaint requirement of Fed. R. Civ. P. 8 does not afford discovery to plaintiffs who provide a complaint of only legal conclusions and void of

sufficient factual content that, taken as true, would make the claim plausible on its face.  *See Howard v. City of Girard*, 346 Fed. Appx 49, 51 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 556).

Also, the Magistrate Judge argues that Plaintiffs fail to allege any involvement of Defendants Chief Wagner, Detective Gulas, Law Director Bemer, or the John Does in the decision to prosecute Plaintiff Pam Ghaster.  A § 1983 claim should include facts that point towards the personal involvement of the accused in the alleged wrongdoing.  *See Miller*, 408 F.3d at 817 n. 3 ("proof of personal involvement is required for a supervisor to incur personal liability") (quoting *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir.1995)).  The uncertainty as to which allegations are being pinned to which Defendants does not fulfill the factual specificity needed even at this stage, and the Magistrate Judge was correct in ruling that Plaintiffs failed to state a malicious prosecution claim.

**d.  *Monell* Claim:** <u>Count VIII</u> alleges that the City of Rocky River is liable for an illegal policy and practice in violation of *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

A municipality may be held liable under a § 1983 claim if one of its policies or customs actually cause the constitutional deprivation.  *Monell*, 436 U.S. at 690.  The custom must be "so permanent and well settled as to constitute a 'custom or usage' with the force of law" in order to impose liability.  *Id.* at 691.  The policy or custom must be a "moving force" behind the specific constitutional deprivation.  *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996).

Additionally, there must be a direct causal link between a policy or custom and the constitutional violation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993).

In their Objection, Plaintiffs rehash the exact argument used in their Response to Defendants' Motion to Dismiss.  (Doc. No. 10 at 8; Doc. No. 14 at 15.)  Plaintiffs claim, in this argument, that they need not identify a city policy or custom that violates *Monell*. *Id.*  The Plaintiffs provide:

> "Taken as a whole, the Complaint sufficiently alleges that decisions made by the City, including the decisions to charge plaintiff without probable cause, to conspire with citizens to help drive plaintiff out of the neighborhood, to fail to investigate allegations of witness-tampering, etc., constitute unlawful policies and practices designed to deprive plaintiffs of their constitutional rights."

(Doc. No. 10 at 8; Doc. No. 14 at 15-16.)  The Magistrate Judge correctly states that *Iqbal* makes clear that Plaintiffs are required to allege facts that point towards a policy or custom that forms the basis of their claim. 129 S. Ct. at 1952.  (Doc. No. 13 at 14.)  Plaintiffs have not identified a policy, causally connected that policy to the municipality, and have not alleged sufficient facts to show that they were deprived of a constitutional right due to the enactment of such policy.  *See Hurley v. Miami County Commissioners*, No. 3:09CV00216, 2010 WL 2545347 at 3 (S.D. Ohio May 25, 2010) (citing *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405 (1997)).  The Magistrate Judge correctly ruled that Plaintiffs fail to state a *Monell* claim against the City of Rocky River.

## B.  The Magistrate Judge's Report and Recommendation as to the Absolute, Qualified, and State Law Immunities, and State Claims of Defendants

14

Plaintiffs' second objection to the Magistrate Judge's Report and Recommendation is the decision that all applicable Defendants had either Absolute, Qualified, or State Law Immunity.

### 1. Absolute Immunity

Plaintiffs object to the finding that Defendant Prosecutor O'Shea has absolute immunity from suit in his prosecutorial duties.  (Doc. No. 14 at 17.)  The Magistrate Judge employed the proper standard that prosecutors are entitled to absolute immunity for conduct that is tied to the judicial phase of the criminal process. *Imber v. Pachtman*, 424 U.S. 409, 430 (1976).  This immunity exists because retaliatory suits are expected from defendants who may resent the state official who prosecuted them. *Id.* at 425-26.  The immunity extends to a prosecutor's decision to file criminal complaints. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997).  The protection extends to the motives behind the prosecutor's actions in the judicial process. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003) (citing *Ireland*, 113 F.3d at1447).  The Magistrate Judge correctly recommends that Defendant Prosecutor O'Shea have absolute immunity as to his decisions to charge Plaintiffs with crimes, even if his motivations were less than noble.

Absolute immunity does not extend to "A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings..." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Yet, investigatory functions related to the preparation of a prosecution are under the umbrella of absolute immunity. *Id.*  Plaintiffs allege that Defendant Prosecutor O'Shea worked closely with the police and John Doe Defendants in investigating Plaintiff Pam Ghaster, and assisted them in

15

assembling cases against her.  (Compl. at ¶ 22.)  Absolute immunity may or may not apply to these charges, but they are so lacking in the factual specificity required in a § 1983 claim as mentioned *supra* at 12, that they fail to state a claim upon which this Court could plausibly grant relief as is required by *Twombly*.  The Magistrate Judge was correct in recommending that "it is simply undeterminable from the Complaint whether Prosecutor O'Shea engaged in 'administrative duties and... investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution...'" (Doc. No. 13 at 13) (quoting *Buckley*, 509 U.S. at 273).  For these reasons, the Magistrate Judge came to the proper conclusions in regard to Defendant O'Shea's absolute immunity.

### 2. Qualified Immunity

Qualified immunity protects government officials performing discretionary functions whose "conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The Magistrate Judge correctly recognizes that judgments on qualified immunity require the application of a two part test: (1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of defendant's alleged misconduct.  *Pearson v. Callahan*, — U.S. —, 129 S. Ct. 808, 816-21 (2009) ("courts should have the discretion to decide whether [this] procedure is worthwhile in particular cases").

Plaintiffs address qualified immunity in their Objection to the Magistrate Judge's Report

16

and Recommendation, yet come to essentially the same conclusion as the Magistrate Judge.

Both Plaintiffs and the Magistrate Judge recognize that, due to the factual insufficiencies of the

Complaint, it is inappropriate to entertain arguments for Qualified Immunity.  (Doc. No. 13 at

24; Doc. No. 14 at 21-22.)  The lack of factual allegations to make Plaintiffs' federal claims

facially plausible make a judgment on the qualified immunity of Defendants futile.

### 3. State Claims and State Law Immunity

This Court has federal question jurisdiction under 28 U.S.C. § 1331 in regards to

Plaintiffs' § 1983 claims addressed *supra*.  This Court has supplemental jurisdiction over

Plaintiffs' state claims pursuant to 28 U.S.C. § 1367(a) in that they arise out of the same case or

controversy as the § 1983 claims.

Pursuant to 28 U.S.C. § 1367(c) this Court declines to exercise supplemental jurisdiction

over Plaintiffs' state law claims in that all claims this Court has original jurisdiction over have

been dismissed.  The United State Supreme Court has established:

> "It has consistently been recognized that [supplemental] jurisdiction is a doctrine
> of discretion, not of plaintiff's right.  Its justification lies in considerations of
> judicial economy, convenience and fairness to litigants; if these are not present a
> federal court should hesitate to exercise jurisdiction over state claims, even
> though bound to apply state law to them. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58
> S.Ct. 817, 82 L.Ed. 1188. Needless decisions of state law should be avoided both
> as a matter of comity and to promote justice between the parties, by procuring for
> them a surer-footed reading of applicable law."

*United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

The Magistrate Judge separately addressed each of the five state law claims Plaintiffs

brought, and concluded that all should be dismissed except one for invasion of privacy.  (Doc.

17

No. 13 at 15-23.) This Court declines to rule on these counts and dismisses them without prejudice to be adjudicated by a state court more apt to address them.

Any question of state law immunity rests with the state law claims that this Court does not elect to entertain pursuant to 28 U.S.C. § 1367(c). It follows that this Court cannot adopt the Magistrate Judge's recommendations on this matter since supplemental jurisdiction will not be exercised.

### IV. CONCLUSION

As set forth above, Plaintiffs' allegations pursuant to 42 U.S.C § 1983 all fail to state a claim that is plausible on its face, and are dismissed without prejudice. This Court elects not to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c) in that all federal claims have been dismissed. The Magistrate Judge's Report and Recommendation is adopted in part, modified in part, Defendants' Motion to Dismiss for failure to state a claim (Doc. No. 6) is granted, and this case is dismissed without prejudice.

IT IS SO ORDERED.


  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge


July 13, 2010

18